# SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

JOSE GUSTAVO BERGONSI, JR., including his heirs, representatives, attorneys, successors, and assigns, GREEN BIOFUELS MIAMI LLC including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, (hereinafter collectively referred to as "Defendants") and SARA SANCHEZ, including her heirs, representatives, attorneys, successors, and assigns,(hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

    **1.** **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>SARA SANCHEZ V. GREEN BIOFUELS MIAMI LLC & JOSE GUSTAVO BERGONSI, JR.</u> No.: 14-21401-CIV-UNGARO/OTAZO-REYES pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

    **2.** **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Six Thousand Five Hundred Dollars and no Cents ($6,500.00) which shall be issued to the J.H. Zidell P.A. Client Trust Account and delivered to J.H. Zidell P.A. on or before September 8, 2014. Out of the settlement proceeds, Plaintiff shall receive Three Thousand Four Hundred Dollars and No Cents ($3,400.00) and Plaintiff's Counsel shall receive Two Thousand Six Hundred Dollars and No Cents ($2,600.00) as fees and Five Hundred Dollars ($500.00) as costs incurred in this litigation.

3. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, Plaintiff, the IRS, or any other person.

4. **Mutual Covenant of Confidentiality**. The parties agree that the existence of this lawsuit and the terms of this Agreement, are strictly confidential and, except pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly through others, without prior written approval of both Plaintiff's counsel and Defendants' counsel.

5. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Covenant Not to Sue.** Plaintiff agrees that she will not sue the Defendants concerning any claim that she might now have against Defendants including, but not limited to, any claims relating to Plaintiff's employment with Defendants or the termination of that employment.

7. **No Encouragement of Claims or Litigation**. Plaintiff will not encourage, counsel or advise any current or former employee of Defendants to file or bring any type of claim against the Defendants.

8. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

9. **No Re-Employment**. Plaintiff agrees that she is not entitled to employment with Defendants now or in the future, and that she will not re-apply for employment with the Defendants.

10. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

11. **Dismissal of Lawsuit**. Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiff's Counsel of a fully executed copy of this agreement, Plaintiff's Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

12. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Severability**. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

14. **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

15. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

16. **Voluntariness**. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

17. **Acceptance:** Plaintiff hereby expressly agrees that the settlement payments are being accepted by the employee as full and complete consideration for all of the employee's claims under the FLSA and state wage and hour law, whether asserted in the Civil Action or otherwise that no other overtime payments, wages, tips or other compensation is due and owing, and that Plaintiffs will not be entitled to any additional amounts pursuant to the FLSA or state wage and hour law.

18. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

SARA SANCHEZ

By: _____[signature]_____
SARA SANCHEZ

Date: 08/19/14

JOSE GUSTAVO BERGONSI, JR.

By: _____
JOSE GUSTAVO BERGONSI, JR.

Date: _____

GREEN BIOFUELS MIAMI LLC

By: _____
Name:
Title:
Date: _____

| | |
|---|---|
| **SARA SANCHEZ** | **JOSE GUSTAVO BERGONSI, JR.** |
| By:_____<br>     SARA SANCHEZ | By: _/s/_____<br>     JOSE GUSTAVO BERGONSI, JR. |
| Date: _____ | Date: __08/19/2014_____ |

**GREEN BIOFUELS MIAMI LLC**

By:_____

Name:

Title:

Date: __08/19/2014_____

SARA SANCHEZ

By: _____
SARA SANCHEZ

Date: _____

JOSE GUSTAVO BERGONSI, JR.

By: _____
JOSE GUSTAVO BERGONSI, JR.

Date: _____

GREEN BIOFUELS MIAMI LLC

By: _____
Name: Cristhine Roso
Title: Administrative Manager
Date: 08/21/14